UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROYCE LORENZ JOHNSON, SR., *et al.* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>INDIANA FAMILY AND SOCIAL SERVICE )<br>ADMINISTRATION, *et al.*, )<br>)<br>Defendants. ) | CAUSE NO. 1:06-CV-62-TLS |

**OPINION AND ORDER**

Royce Lorenz Johnson, Sr., a *pro se* plaintiff, filed this civil rights complaint along with a petition to proceed *in forma pauperis*. Johnson is attempting to sue forty-four defendants including the governor, judges, courts, state agencies, case workers, supervisors, and attorneys. Johnson is seeking the reversal of his state criminal convictions pursuant to 28 U.S.C. § 2254, the reversal of state court rulings removing the custody of his children based in part on allegations that he is a paranoid schizophrenic who molested his 3 year old daughter, an order directing the criminal prosecution of those who have wronged him by participating in his prosecution and the removal of his children, an order enjoining them from taking further actions against him, and ultimately monetary damages for their prior actions against him.

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.

28 U.S.C. § 1915(e)(2)(B)(ii).

The instructions on the civil rights complaint form clearly state that it cannot be used for § 2254 habeas corpus relief. This is more than merely a procedural question of which form was selected. Habeas corpus claims are distinct from civil rights claims and can only proceed in a habeas

corpus case. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Additionally, this Court may not convert a § 1983 civil rights case into a habeas corpus case. *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997).

It is not within the jurisdiction of this Court to reverse the state court decision to remove the custody of his children. *See Lewis v. Anderson*, 308 F.3d 768, 771-2 (7th Cir. 2002) ("The Rooker-Feldman doctrine [*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)] . . . establish[es] the fact that lower federal courts do not have jurisdiction to conduct direct review of state court decisions.") *Also compare Moore v. Sims*, 442 U.S. 415 (1979) (The *Younger* doctrine precludes the removal of child custody cases.)

Neither is it within the authority of this court to order the criminal prosecution of those whom Johnson believes have wronged him because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Most of Johnson's remaining injunctive relief and monetary damages claims are contingent on successfully undermining the state court decisions resulting in his criminal conviction and the removal of his children, but until those decisions are overturned, a civil rights suit cannot proceed based on those claims. *Cf. Heck v. Humphrey*, 512 U.S. 477 (1994).

This leaves solely those currently confused claims which are independent of the state court proceedings.

> What is true is that the complaint is confusing. The district court would have been within its rights in dismissing it on that ground, *e.g.*, *Fidelity National Title Ins. Co. v. Intercounty National Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005); *Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003); *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001); *In re Westinghouse Securities Litigation*, 90 F.3d 696,

>703-04 (3d Cir. 1996); *Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995), but with leave to replead.

*Loubser v. Thacker*, 440 F.3d 439 (7th Cir. 2006). So too, this case will be dismissed without prejudice.

As discussed, the vast majority of Johnson's claims (and their associated defendants) must be dismissed, leaving him with only a few confused claims. Part of the confusion is that it is not entirely clear which defendants Johnson intended to associate with these secondary, potential claims; but neither is there any indication that they are unknown to him. Nor is it clear that he has any interest in continuing this lawsuit after all of his primary, central claims have been dismissed. Therefore, rather than place him under a court ordered deadline directing him to file an amended complaint clarifying the confusion, it does him no harm to merely dismiss this case without prejudice and permit him to file a new lawsuit subject only to the deadline imposed by the statute of limitations. Additionally, such a result also promotes judicial economy.

For the foregoing reasons, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED on April 12, 2006.

                         s/ Theresa L. Springmann
                         THERESA L. SPRINGMANN
                         UNITED STATES DISTRICT COURT